IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
H. L., a minor who sues       )
by and through Heather        )
Ware her mother and next      )
of friend,                    )
                              )
     Plaintiff,               )
                              )   CIVIL ACTION NO.
     v.                       )      2:12cv996-MHT
                              )         (WO)
SHIELD INSURANCE COMPANY,     )
                              )
     Defendant.               )
```

OPINION

This lawsuit came before the court for hearing on February 22, 2013, for consideration and approval of the full and final settlement of the claims of plaintiff H.L., a minor, who sues by and through Heather Ware, her mother and next friend, against defendant Shield Insurance Company. This court's consideration and approval is necessary because a minor child will receive the settlement. Pursuant to the court's order, H.L.'s interests are represented by guardian ad litem Karen Mastin Laneaux, a court-appointed attorney separate from H.L. and

her mother's attorney. Based on the parties' petition for approval of settlement and the representations made in open court, the court will approve the settlement.

This lawsuit arises out of a car accident that occurred between H.L. and C.C., who is also a minor. The accident occurred when H.L. was driving east on Highway 14 at the interaction of Jasmine Trail in Prattville, Alabama. C.C. turned left from Jasmine Trail onto Highway 14, but in doing so, she failed to yield the right-of-way and collided into H.L.'s car.

H.L. sued C.C. for causing the accident and Shield Insurance Company for the benefits of uninsured-motorist coverage. C.C. was later dismissed from this case with prejudice by agreement of the parties . Under the settlement agreement, judgment would be entered in favor of H.L. for $ 90,000, with $ 50,000 of that sum paid by C.C.'s insurer and $ 40,000 paid by Country Preferred Insurance, a successor to Shield Insurance Company, the uninsured-motorist carrier. These amounts would be

distributed to the law firm of Beasley Allen, attorneys for H.L., with the firm to distribute $ 10,006.52 to Blue Cross Blue Shield for injuries sustained; $ 2500 to H.L.'s mother, Ware, for her out-of-pocket expenses; and $ 1453.20 to Beasley Allen for expenses and $ 29,486.08 for attorney's fees.  The remaining $ 46,554.20 would remain in a trust account with Beasley Allen for H.L. until she reaches the age of majority, 19, on December 9, 2013.  During the hearing, the court heard testimony from Ware, H.L., and the guardian ad litem, who described the factual circumstances and testified to the reasonableness of the settlement.  (The insurance carriers for C.C. and the uninsured-motorist carrier, Country Preferred Insurance Company, as successor to Shield Insurance Company, shall each pay one-half of the fees and expenses of the guardian ad litem.)

    The court is satisfied that the terms and provisions of this settlement are understood and agreed to by all parties.  Based on the record and testimony, described

above, the court concludes that all the terms and provisions of the proposed settlement are in the best interests of minor child H.L. and are fair, just, and reasonable under the circumstances of this case. The court will therefore approve the proposed settlement agreement.

However, one matter remains outstanding. H.L. and Ware have requested that the court release a portion of the funds from the trust account before H.L. releases the age of majority in December of this year so that H.L. can have a new car. Currently, Ware and H.L. are sharing a car. This presents a number of practical barriers for them now, and it will become even more difficult once H.L. begins college far from where her mother works each day. At the hearing, H.L. and Ware stated that they had not identified a specific car or a specific amount of funds that they wanted released. Because of this, the guardian ad litem opposed the release of funds. However, she said that, if a specific proposal were made, she would be better able to respond.

Therefore, in order to address this matter, the court will retain jurisdiction over this case for 60 days. Within that time period, H.L. may submit a specific proposal for court approval of an amount to be released in order to purchase or make a down payment on a car for H.L. The guardian ad litem will have an opportunity to respond to any such proposal.

An appropriate judgment will be entered.

DONE, this the 26th day of February, 2013.

                                             /s/ Myron H. Thompson
                                      **UNITED STATES DISTRICT JUDGE**