IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
H. L., a minor who sues      )
by and through Heather       )
Ware her mother and next     )
of friend,                   )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )       2:12cv996-MHT
                             )           (WO)
SHIELD INSURANCE COMPANY,    )
                             )
     Defendant.              )
```

OPINION AND ORDER

This case is before the court on plaintiff H.L.'s "response," which the court is treating as a request for release of certain funds from a trust account established pursuant to this court's judgment approving the parties' settlement.

This case arose out of a car accident between H.L., a minor, and C.C., who is also a minor.  On February 26, 2013, this court entered a judgment approving a settlement between the parties in this case.  The court approved a sum of $ 90,000 in settlement of all claims brought by plaintiff H.L., with $ 50,000 paid by U.S.A.A., on behalf

of its insured, C.C., and $ 40,000 paid by Country Preferred Insurance Company, as successor to defendant Shield Insurance Company.  It was further provided that these sums would be paid to the law firm Beasley Allen.  The firm would then distribute $ 10,006.52 to Blue Cross Blue Shield for injuries sustained; $ 2,500 to H.L.'s mother, Heather Ware, for her out-of-pocket expenses; and $ 1,453.20 and $ 29,486.08 to Beasley Allen for expenses and attorney's fees, respectively.  The balance of $ 46,554.20 was to be maintained in a trust account with Beasley Allen for H.L. until she reaches the age of majority (19). H.L. ex rel. Ware v. Shield Ins. Co., 2013 WL 764628 (M.D. Ala. 2013).

At the settlement hearing, H.L. and her mother, Heather Ware, requested that a portion of the funds in the trust account be released before H.L. reaches the age of majority so that she could purchase a car.  H.L. and Ware currently share a car.  This arrangement has already been difficult, but will become more so once H.L. begins

attending college far from her mother's place of work. At the settlement hearing, the court-appointed guardian ad litem opposed the release of funds because H.L. and Ware had not specified an amount to be released or a specific car that would be purchased for H.L. The court therefore retained jurisdiction over this case for 60 days, within which time H.L. could submit a specific proposal to the court of an amount to be released in order to purchase or make a down payment on a car. Id.

On March 18, 2013, H.L. submitted a "response" requesting the sum of $ 15,000 from the trust account at Beasley Allen to purchase one out of a list of six proposed vehicles. The guardian ad litem filed a written opposition explaining that $ 15,000 represents a large portion--nearly a third--of the balance of the settlement in the trust account held at Beasley Allen for H.L.

The court held a hearing on this matter on March 21, 2013. Based on the circumstances described at the

3

hearing, the court will grant H.L.'s request to release the $ 15,000 for the car purchase.

At the hearing, the guardian ad litem expressed her concerns about releasing the $ 15,000. The court then discussed alternative arrangements with H.L. and Ware, including the possibility that a smaller amount be released to serve as a down payment on a car. However, H.L. and Ware explained that this is not a tenable option. Ware and H.L. are both unlikely to be approved for a loan because of Ware's financial situation and H.L.'s age.

The court gave the greatest weight to the fact that H.L. is currently 18 years old and will reach the age of majority in a matter of months. Therefore, H.L. is only a few months shy of having the maturity required by law to make the decision about the car purchase herself. Further, Ware, who is H.L.'s mother and solely responsible for H.L.'s well-being, agrees that $ 15,000 of the funds in the trust account should be used in this manner.

\*\*\*

Accordingly, it is ORDERED that plaintiff H.L.'s "response" (Doc. No. 34) is treated as a request for release of funds and said request is granted.  The law firm of Beasley Allen shall release the sum of $ 15,000 to Heather Ware, the mother of plaintiff H.L., for the purchase of one of the vehicles listed in plaintiff H.L.'s request.

DONE, this the 25th day of March, 2013.

                                       /s/ Myron H. Thompson  
                                      **UNITED STATES DISTRICT JUDGE**